# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 3:91cr00005-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **NORMAN LEE GROOMS.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

  Norman Lee Grooms, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion challenging his supervised release revocation and sentence of 9 months incarceration followed by 12 months supervised release. Grooms alleges that his sentence violates the Ex Post Facto Clause and that counsel provided ineffective assistance. This matter is before the court on respondent's motion to dismiss. The court finds that Grooms' claims have no merit and, therefore, grants respondent's motion to dismiss.

## I.

  On June 16, 1992, Grooms was convicted of one count of possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and the court sentenced him to a total term of 216 months incarceration, followed by a term of 36 months supervised release. On April 3, 2007, Grooms was released from incarceration and began his term of supervised release. On January 14, 2009, however, the court found that Grooms had violated the terms of his supervised release, revoked his supervised release, and sentenced him to a term of 9 months incarceration, followed by a term of 12 months supervised release. Grooms did not appeal the court's revocation of his supervised release or his new sentence. However, he filed the instant § 2255 motion, alleging that the court violated the Ex Post Facto Clause by imposing a 12-month term of supervised release following his 9-month term of incarceration, that counsel was ineffective in failing to object to the

Ex Post Facto violation, and that counsel was ineffective in failing to file a notice of appeal. For the reasons stated herein, the court finds that Grooms' claims fail and, therefore, the court grants the government's motion to dismiss.

## II.

Grooms alleges that the term of supervised release imposed upon his revocation violated the Ex Post Facto Clause of the United States Constitution. The court finds that Grooms' claim has no merit and, therefore, dismisses his claim.

In 1992, when Grooms was initially convicted of his underlying offense, 18 U.S.C. § 3583 (e)(3) provided, in relevant part, that after considering various other facts, the court may

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . except that a person whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if the offense was a Class C or D felony.[1]

The statute did not expressly authorize the imposition of supervised release. In 1994, § 3583 was amended to expressly authorize the court to impose an additional term of supervised release. This change in the law lead to litigation by defendants who claimed that the new law could not be applied to them because it would violate the Ex Post Facto Clause. In 2000, the matter came before the United States Supreme Court in Johnson v. United States, 529 U.S. 694 (2000). In Johnson, the Court held that the 1994 amendment to § 3583 could not be applied retroactively, but that it did not need to because the older law implicitly authorized the court to reimpose supervised release. Id. at 713. Therefore, the Court found that there was no Ex Post Facto violation when the district court

---

[1] The court notes that Grooms' underlying offense of possessing with the intent to distribute cocaine base is a Class C felony. See 18 U.S.C. § 3559(a)(3).

imposed the additional term of supervised release. Based on the Court's decision in Johnson, this court finds that the imposition of a term of supervised release upon Grooms' revocation did not violate the Ex Post Facto Clause and, therefore, dismisses his claim.

### III.

Grooms alleges that counsel was ineffective in failing to object to the alleged Ex Post Facto Clause violation and in failing to file a notice of appeal. The court finds that Grooms has not demonstrated that counsel's performance was deficient or that he was prejudiced by counsel's alleged errors. Therefore, the court dismisses his claims.

In order to establish an ineffective assistance claim, Grooms must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland v. Washington, 466 U.S. 668, 669 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697).

3

A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); Fields, 956 F.2d at 1297-99; Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Grooms has not demonstrated ineffective assistance of counsel.

**A.**

Grooms alleges that counsel was ineffective in failing to object to the Ex Post Facto violation that he argues occurred when the court imposed a term of supervised release following incarceration for his supervised release revocation. However, the court finds that Grooms has demonstrated neither prong of Strickland and, therefore, that his claim fails.

Counsel is not ineffective for failing to raise an objection for which there is no obvious basis. Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). The court has already determined that no Ex Post Facto violation occurred. Therefore, the court finds that there was no obvious basis upon which counsel could object, and further, that Grooms has not demonstrated that counsel's performance was deficient. Moreover, even if counsel had objected, the court would not have sustained the objection because there was no Ex Post Facto violation. Therefore, the court also finds that Grooms has not demonstrated that but for counsel's alleged error, the outcome of his proceeding would have been different. Accordingly, the court dismisses this claim.

**B.**

Grooms alleges that counsel was ineffective in failing to file a notice of appeal. The court finds that Grooms has not demonstrated either prong of Strickland and, therefore, dismisses his claim.

In his § 2255 motion and his response to the government's motion to dismiss, Grooms concedes that he did not ask counsel to file an appeal and he states that, when taking the facts in his affidavit as true, it is still "unclear" whether he expressed a desire to appeal to counsel. Because Grooms did not request counsel to file an appeal, the court must determine whether trial counsel consulted with Grooms regarding the advantages and disadvantages of filing an appeal. Flores-Ortega, 528 U.S. at 478; Witherspoon, 231 F.3d at 926. In this case, both parties agree that shortly after the revocation hearing, Grooms contacted counsel regarding the legality of the additional term of supervised release that the court imposed and that counsel told Grooms he would research the issue. Further, there is no dispute that counsel wrote a letter to Grooms two days after the hearing and the same day that the court entered judgment, advising Grooms that the court's imposition of the additional term of supervised release was not unlawful and did not violate the Ex Post Facto Clause of the Constitution. Finally, the parties agree that Grooms did not contact counsel after receiving that letter to discuss the filing of an appeal. Based on the foregoing, the court finds that counsel consulted with Grooms regarding the filing of an appeal. However, even if counsel's consultation was inadequate, counsel did not have an affirmative duty to consult. See Flores-Ortega, 528 U.S. at 480. An affirmative duty to consult arises when either (1) any rational defendant would want to appeal (for example, where there is a non-frivolous ground for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id. Because

5

Grooms did not reasonably demonstrate to counsel that he was interested in appealing, the court must determine whether any rational defendant would want to appeal. The only issue which Grooms now contends should have been raised on appeal is the alleged Ex Post Facto violation. In light of the Court's decision in Johnson, there are no non-frivolous grounds on which Grooms could have appealed and a rational defendant would not want to pursue an appeal that he knows will fail. Accordingly, the court finds that Grooms has not demonstrated that counsel's performance was deficient. Further, Grooms does not allege that had counsel further consulted with him regarding an appeal, he would have actually filed an appeal. Therefore, the court finds that Grooms has not demonstrated prejudice. Accordingly, the court dismisses his claim.

## IV.

For the reasons stated herein, the court grants the government's motion to dismiss.

Entered this  9th  day of December, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE